UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOSEPH M. LABRUZZO,<br><br>Plaintiff,<br><br>-against-<br><br>LOWE'S HOME CENTER, INC.,<br><br>Defendant. | Docket No.: **12-CV-1143**<br>(ADS)(GRB)<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, JOSEPH M. LABRUZZO ("Plaintiff"), by and through his attorneys, The Law Office of Borrelli and & Associates, P.L.L.C, brings this action for damages and other legal and equitable relief from Defendant LOWE'S HOME CENTER, INC. ("Defendant"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the New York State Labor Law ("Labor Law");  and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff challenging acts committed by Defendant against Plaintiff amounting to wage and hour violations, as well as claims of violations of Federal and New York State wage and hour laws.

2. Plaintiff brings this action on his own behalf pursuant to the Federal and New York State laws requiring overtime pay for employees.

3. Defendant committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiff his statutorily required overtime pay as well as at a rate of pay in accordance with the Federal and State statutorily required minimum rate of pay per hour worked.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

5. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintain offices, store locations at which Plaintiff works at all relevant times herein, and Defendant conducts business in this district.

## PARTIES

7. Joseph M. Labruzzo ("Plaintiff") is a citizen of New York and a resident of Holbrook; a town located within Suffolk County, New York.

8. Defendant is a corporation organized under the laws of the State of North Carolina and has a principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, 28117.

9. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00, and thus subjects the business to the FLSA's overtime requirements.  Additionally, Defendant's employees are engaged in interstate commerce as they all handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendant to the overtime requirements of the FLSA.

## PRELIMINARY STATEMENT

10. Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf.

11. Plaintiff, while employed by Defendant, was required to work in excess of 10 hours per day and 40 hours per work-week.  Plaintiff was neither paid the required one and a half (1½) times his regular rate of pay for overtime hours worked, nor was he paid any amount at all for overtime hours worked.

12. Specifically, for the last six years, Plaintiff was scheduled to work and/or required to work in shifts of approximately five days a week consisting of approximately ten hours per day for four of the five days; and yet was not paid for overtime.

13. Plaintiff is engaged in interstate commerce as he is required to handle goods that have been and are regularly moved in interstate commerce.

14. Defendant has been aware of the requirement to pay Plaintiff for overtime work and in accordance with the minimum rate of hour's laws, yet purposefully chose not to abide by them.

## FACTUAL ALLEGATIONS

15. Plaintiff commenced employment with Defendant on June 9, 2004 as a commercial sales specialist. Due to his hard work and sheer dedication to the job, in or about July 2006, Plaintiff was promoted to the non-administrative position of Loss Prevention Specialist, an hourly paid, non-supervisory job.

16. During his tenure as Loss Prevention Specialist ("LPS"), Plaintiff demonstrated himself to be an exemplary employee who went far above and beyond the regular call of duty providing excellent security and other bottom line protection related services to Defendant at Defendant's Medford, New York store location. Plaintiff intermittently worked overtime and was, in fact, paid time and a half for his overtime services.

17. On or about April 5, 2008, Plaintiff received a new job title of Loss Prevention Manager ("LPM"). Plaintiff, as an LPM, worked 48 hours per week at the rate of $22.992 per hour. On March 6, 2009, his rate was increased to $23.68382 per hour. On March 20, 2010, his rate was increased to $24.18118 per hour. On March 19, 2011, his rate was increased to $24.906615 per hour.

18. During his tenure as an LPM, Plaintiff maintained the same high level of work performance and earned several salary increases as a result of multiple positive performance evaluations. Notwithstanding his positive contribution to the company, Defendant did not pay Plaintiff at the legally required time and a half rate for the hours worked in excess of forty (40) hours per week nor did they pay him for the legally mandated spread of hours for the hours worked in excess of ten per day.

19. Since on or about April 5, 2008, Plaintiff was required to work on a shifting time schedule. Plaintiff worked in excess of ten (10) hours per day, and he was not compensated for overtime.

20. Specifically, Plaintiff has consistently worked eight hours per week in overtime since on or about April 5, 2008 and has not been properly compensated at any rate of pay let alone the statutory rate of time and a half per hour for his overtime work.

21. At no time during his tenure as an LPM did Plaintiff ever have supervisory authority of two or more employees and at no time was his position considered administrative.

22. Plaintiff in entitled to receive this sum under the FLSA and Labor Law. As a result of the aforementioned adverse treatment suffered by Plaintiff, he has suffered financial damages. Additionally, due to Defendant's willful failure to compensate Plaintiff in accordance with the FLSA and Labor Law, Plaintiff is owed liquidated damages on those unpaid amounts under both laws, at a combined rate of 200% of the amount of wages owed.

23. Defendant willfully and intentionally failed to pay Plaintiff his lawful wages.

### AS AND FOR A FIRST COUNT
*Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219*

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. Plaintiff was required to work in excess of forty (40) hours a week without being compensated for those hours at any rate of pay, much less at the statutorily required time and a half pay, and was also on average not compensated at the minimum hourly rate of

5

pay, much less at a rate of one and a half (1 ½) times the applicable minimum wage laws.

These practices were willful and lasted for the duration of the relevant time periods.

26. These practices are in willful violation of the Fair Labor Standards Act.

## AS AND FOR A SECOND COUNT
*Violation of the New York Labor Law §§ 650 et. seq.*

27. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28. Plaintiff was required to work in excess of forty (40) hours a week without being compensated for those hours at any rate of pay, much less at the statutorily required time and a half pay, and was also on average not compensated at the minimum hourly rate of pay, much less at a rate of one and a half (1 ½) times the applicable minimum wage laws. These practices were willful and lasted for the duration of the relevant time periods.

29. These practices are in willful violation of the New York Labor Law §§ 650 et. seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. Demand a jury trial on these issues to determine liability and damages;

2. Preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. A judgment declaring that the practices complained of herein are unlawful and in violation of Fair Labor Standards Act, 29 U.S.C. §§ 201-219; the New York Labor Law §§ 650 et. seq.

4.     A judgment declaring that the Plaintiff is not exempt from the minimum wage and overtime requirements pursuant to 28 U.S.C. § 2201; the Fair Labor Standards Act the Fair Labor Standards Act 29 U.S.C. §§ 201-219; and the New York Labor Law §§ 650 et. seq.

5.     All damages, including without limitation liquidated damages, which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

6.     An award to the Plaintiff of liquidated damages, compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

7.     An award to the Plaintiff of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

8.     An award to the Plaintiff for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

9.     Exemplary and punitive damages in an amount to commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional where appropriate;

10.     Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

11.     Pre-judgment and post-judgment interest, as provided by law; and

12.     Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: July 16, 2012
       Great Neck, New York

                                    THE LAW OFFICE OF
                                    BORRELLI & ASSOCIATES, P.L.L.C.

                                    G. WILLIAM GERMANO, JR. (GG8268)
                                    *Attorneys for Plaintiff*
                                    1010 Northern Blvd, Suite 328
                                    Great Neck, New York 11021
                                    Tel. (516) 248-5550